PABLO J. HÉRETER, promovente, *v.* JOSÉ REGUERO GONZÁLEZ, MANUEL V. DOMENECH, COMO TESORERO DE PUERTO RICO, y D. C. MC LEOD, COMO AUDITOR DE PUERTO RICO, demandados.

No. 10.—*Sometido:* Mayo 13, 1930. *Resuelto:* Mayo 19, 1930.

*Cayetano Coll Cuchí,* abogado del peticionario.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

Se nos presenta una petición para que se permita al promovente invocar la jurisdicción original del Tribunal Supremo por medio de la expedición de un auto de *injunction* contra los demandados; y con esta petición una demanda en la que se solicita se expida una orden para que los demandados José Reguero González, Manuel V. Domenech, como Tesorero de Puerto Rico, y D. C. Mc Leod, como Auditor de Puerto Rico, comparezcan a este tribunal a exponer razones por las que no debe expedirse auto de *injunction* contra ellos ordenándoles abstenerse por sí o por otros de llevar a cabo acto alguno tendente a intervenir con la posesión del cargo

de Alcalde Municipal de Caguas, en la que se alega hallarse el demandante, ni con tal posesión en cuanto a las gestiones de los empleados municipales bajo la jurisdicción del demandado José Reguero de ejercer prerrogativas, autoridad o privilegio como alcalde de Caguas hasta tanto que haga valer su título ante tribunal con jurisdicción para ello; y que en su caso se expida la orden de *injunction* solicitada, condenando a los demandados en costas, gastos y honorarios.

La sección 2ª. de la ley de marzo 8, 1906, sobre *injunctions,* sección 1355 de los Estatutos Revisados de Puerto Rico de 1911, dice lo siguiente:

"La Corte Suprema, o cualquier juez de la misma, podrá, para hacer efectiva su jurisdicción, librar mandamiento de injunction, bajo las reglas prescritas por la ley, y los jueces de las respectivas cortes de distrito podrán también librarlos en todos los casos en que tales mandamientos sean procedentes."

Como se ve, la ley concede a este tribunal o a un juez del mismo, facultad o jurisdicción para librar mandamientos de *injunction* "para hacer efectiva su jurisdicción," mientras la da a la corte de distrito en todos los casos en que proceda tal mandamiento.

No está en nuestra facultad el librar el mandamiento de *injunction* que se solicita. Para ello sería necesario que tuvieramos jurisdicción directa u original sobre un caso en el que se solicitara tal mandamiento.

*Por todas estas razones se deniegan las peticiones aducidas por don Pablo J. Héreter en este caso.*